1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11  BARBARA L. CHAMP,                    )  Case No.: 1:20-cv-0018- JLT
                                         )
12              Plaintiff,               )  ORDER TO PLAINTIFF TO SHOW CAUSE
                                         )  WHY HER MOTION TO PROCEED IN FORMA
13        v.                             )  PAUPERIS SHOULD NOT BE DENIED
                                         )
14  ANDREW SAUL,                         )
    Commissioner of Social Security,     )
15                                       )
                Defendant.               )
16  _____)

17          Plaintiff seeks to proceed *in forma pauperis* with this action for judicial review of the decision

18  to deny her application for Social Security benefits.  (Docs. 1, 2)  The Court may authorize the

19  commencement of an action without prepayment of fees "by a person who submits an affidavit that

20  includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such

21  fees or give security therefor."  28 U.S.C. § 1915(a).  Thus, an action may proceed despite a failure to

22  prepay the filing fee only if leave to proceed in forma pauperis is granted by the Court. *See Rodriguez*

23  *v. Cook*, 169 F.3d 1176, 1177, 1178 (9th Cir. 1999).

24          The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of

25  privilege and not a right; denial of an in forma pauperis status does not violate the applicant's right to

26  due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314

27  F.2d 598, 600 (9th Cir. 1963)).  In addition, the Court has broad discretion to grant or deny a motion to

28  proceed IFP.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller*, 314 F.2d at 600-01.  In

                                                    1

making a determination, the Court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe,* 586 F.Supp. 848, 850 (D.R.I. 1984).

Plaintiff indicates that she last worked for Account Central Tech in May 2015, and her current monthly income is $782 for retirement. (Doc. 2 at 2) In addition, Plaintiff reports that she has $150 in a checking account, $108 in a savings account, and $5,600 in a money market account. (*Id.*) However, Plaintiff also reports she has Chevron stock valued at $70,365 and National Fuel stock valued at $21,043.03. Thus, the information provided related to the estimated stock value does not support the conclusion that Plaintiff is unable to provide for herself with life's necessities while still paying the Court costs.

**ORDER**

Based upon the foregoing, the Court **ORDERS**: Within 21 days, Plaintiff **SHALL** show cause in writing why the motion to proceed in forma pauperis should not be denied.

**Plaintiff is advised that failure to respond timely to this order will result in a recommendation that her motion to proceed in forma pauperis be denied.**

IT IS SO ORDERED.

Dated: __**January 9, 2020**__ _____**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE