# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA L. CHAMP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.: 1:20-cv-0018 - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE |

　　　　Barbara L. Champ initiated this action by filing a complaint on January 3, 2020, seeking judicial review of the decision to deny an application for Social Security benefits.(Doc. 1) On January 29, 2020, the Court issued its Scheduling Order, setting forth the deadlines governing the action.  (Doc. 9)

　　　　The Commissioner of Social Security filed the certified administrative record in the matter on June 3, 2020. (Doc. 14)  Pursuant to the terms of the Scheduling Order, the parties exchanged confidential letter briefs, with the Commissioner serving a response on August 10, 2020. (Docs. 16, 17) Within thirty days, if the parties did not agree on a voluntary remand Plaintiff was to serve "file and serve an opening brief with the court."  (Doc. 9 at 2)  Thus, Plaintiff was to serve an opening brief no later than September 9, 2020.  However, Plaintiff has not filed an opening brief, and she did not request an extension of time to comply with the deadline.

　　　　The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days why terminating sanctions should not be imposed for failure to follow the Court's Order and failure to prosecute the action or to file the opening brief.

IT IS SO ORDERED.

Dated:   **September 11, 2020**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE